### THE JUNEAU.

(District Court, D. Washington, N. D. January 17, 1902.)

SEAMEN—RIGHT TO WAGES—SET-OFF OF DAMAGES CAUSED BY NEGLECT OF DUTY.
    The master, mate, engineer, and fireman in sole charge of a tug, who, through gross and culpable neglect of their duty, permitted her to become grounded, by which she sustained damage, are liable to the owner for such damage, which may be set off against their claim for wages.

In Admiralty. Suit by seamen to recover wages.

William Martin, for libelants.
Peters & Powell, for claimant.

HANFORD, District Judge. This is a suit by the libelants to recover wages for services on the steam tug Juneau, in the capacities of master, mate, engineer, and fireman. It is not disputed that the libelants worked on the steamer during the time alleged, and that they have not been paid their wages; the claimant, however, defends on the ground that by gross negligence on the part of the libelants the steamer was damaged to an amount exceeding the wages earned. It is proved by the admissions of the libelants and other evidence that on a dark, stormy night, they took the vessel into Port Susan and anchored, and then devoted their attention to a game of cards, to such an extent that they allowed steam to go down, and the vessel to drag her anchor until she grounded. The tide was ebbing at the time, and, before they could raise steam sufficient to get off the beach, the vessel was hard aground, and listed over so that the flood tide overflowed and filled her, and she remained submerged for several days, until another tug could be sent to her assistance. After the Juneau was floated and pumped out, having no fresh water aboard to fill her boiler, salt water was used, with damaging effect. The evidence proves that, by reason of the bad treatment of the steamer in the particulars mentioned, her owner incurred an expense of $89 in getting her off the beach, and $15 for towing her into Seattle, and that these expenses, together with the damage to her machinery, furniture, and paint, exceed the total amount of wages due to all of the libelants. The evidence does not make it clear whether all of the libelants did or did not participate in the game of cards, but it is certain that they were all negligent; for, according to their own statements, no person on

the boat knew that she was dragging her anchor until she was on the beach, and then, by not having steam up, they were unable to pull off before the tide receded, leaving her hard aground; and no excuse whatever is offered for this negligence, except the pretense that the night was so dark they were unable to see that the vessel was dragging. In admiralty, justice is administered according to the principles of equity; and it is contrary to equity for the captain and crew intrusted with the care of a vessel, who by their culpable neglect of duty have suffered the vessel to be seriously damaged, so that by their employment the owner has been damaged, and not benefited, to have a lien upon the vessel for wages. Seamen may be subjected to deductions from their wages for neglect of their duty, and they are liable for losses of property occasioned by their negligence. Desty, Shipp. & Adm. §§ 178–181; Brown v. The Neptune, Fed. Cas. No. 2,022; Spurr v. Pearson, Fed Cas. No. 13,268; Wilson v. Belvidere, Fed. Cas. No. 17,790; Knap v. The Eliza and Sarah, Fed. Cas. No. 7,873.

Case dismissed, with costs.